UNITED STATES DISTRICT COURT EASTERN
DISTRICT OF KANSAS

| | |
|---|---|
| SHARON & DARREN JOHNSON, h/w<br>    Plaintiffs<br><br>vs.<br><br>MIDWEST SERVICE BUREAU, INC.<br><br>    Defendant | Case Number 10-CV-2633 CM/GLR<br><br>CIVIL COMPLAINT<br><br>JURY TRIAL DEMANDED |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiffs, Sharon and Darren Johnson, h/w, by and through their undersigned counsel, David E. Herron II, Esquire, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiffs, Sharon & Darren Johnson, h/w, are adult natural persons and they bring this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiffs resides in this District and the Defendant transacts business in this District and maintains a primary office in the District.

### III.  PARTIES

4. Plaintiffs, Sharon and Darren Johnson, h/w, is an adult natural person residing at 606 S. Blue Stem Cir., Haysville, KS 67060. At all times material and relevant hereto, Plaintiffs is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Midwest Service Bureau, Inc. ("Defendant"), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the state of Kansas with its principal place of business located at 625 W. Maple Street, Wichita, KS 67213-4618.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7. In or around the end of January, 2010, Plaintiffs started receiving calls from Defendant's agent, "Lisa Scott", collecting on an alleged debt owed on medical bills owed to Wichita Clinic.

8. During that time, Plaintiffs were informed that they owed approximately, $1,071.00 on this debt to the Defendant.

9. Plaintiffs told Defendant's agent, "Lisa Scott", not to call them again, and only to contact them by mail in the future.

10. Defendant's agent, "Lisa Scott", responded by stating that they could and would call the Plaintiffs any time they wanted.

11. Plaintiffs continued to receive calls from the Defendant.

12. During mid February, 2010, Plaintiff, Sharon Johnson, was threatened by Defendant's agent, "Lisa Scott", informing her that the Defendant would contact her employers to seek further information against her if they needed to.

13. Defendant went on to threaten Plaintiff, Sharon Johnson with wage garnishment if she did not make arrangements immediately to pay off this debt.

14. Plaintiffs continue to receive calls from Defendant trying to collect on the above referenced debt.

15. Plaintiffs have never received anything in writing from the Defendant.

16. As of the filing of this complaint, Defendant has not sued the Plaintiffs or obtained a civil judgment.

17. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendant's unlawful conduct.

18. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, emotional distress, fear, frustration and embarrassment.

19. The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

20. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

21. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

22. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

## COUNT I – FDCPA

23. The above paragraphs are hereby incorporated herein by reference.

24. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

25. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

    §§ 1692d    Any conduct the natural consequence of which is to

                harass, oppress, or abuse any person

| | |
|---|---|
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(4) | Nonpayment of any debt will result in garnishment |
| §§ 1692e(5) | Threaten to take any action that cannot be legally taken or that is not intended to be taken |
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g | Failure to send consumer 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendant, Midwest Service Bureau, Inc., for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## V.  JURY DEMAND

The Plaintiffs hereby demand a jury trial as to all issues herein.

## VI.  DESIGNATION OF PLACE OF TRIAL

The Plaintiffs hereby designate the United States District Court sitting in Kansas City, Kansas as the preferred place for trial.

Respectfully Submitted,

*/s/ David E Herron II*

David E Herron II  #15783
8527 Bluejacket Street
Overland Park KS 66214
(913) 495-9465
FAX (913) 888-6928
dherron@perselslaw.com
ATTORNEY FOR PLAINTIFF